UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-cr-0391-RLY-DLP |
| | ) | |
| JOHN NELLUM, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On December 9 and 13, 2019, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on November 15, 2019. Defendant Nellum appeared in person with his appointed counsel Sam Ansell. The government appeared by Nick Linder, Assistant United States Attorney. U. S. Parole and Probation appeared by Officers Jason Phillips and Tasha Taylor.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Nellum of his rights and provided him with a copy of the petition. Defendant Nellum orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Nellum admitted violation numbers 1 (in part), and 2. [Docket No. 61.] Government moved to strike certain allegations contained in violation number 1 and the same granted.

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| | |
|---|---|
| **Violation Number** | **Nature of Noncompliance** |
| 1 | **"You shall reside in a residential reentry center for a term of up to 120 days. You shall abide by the rules and regulations of the facility."** |

        Mr. Nellum arrived at Volunteers of America (VOA) on July 2, 2019. Since his arrival, the probation officer has received multiple Incident Reports alleging various noncompliance.

        On October 2, 2019, Mr. Nellum was written up by VOA staff for being belligerent after being told he had to return to his bed.

        On October 3, 2019, he was written up for calling an ambulance for himself rather than following the facility's protocol to go through staff.

        On October 30, 2019, the probation officer received notification from staff the offender was approved to be away from the facility from 7:30 a.m. to 11:30 a.m. However, he did not return until 6:00 p.m. and was approximately 6 1/2 hours late.

        On November 7, 2019, approximately four separate incident reports were written against Mr. Nellum. At 5:58 p.m., he had not returned from authorization to leave the facility on a pass. He was due back at 1:00 p.m., but was about five hours late as of the time the report was completed. He finally returned to the facility at 6:33 p.m. However, during a search of his person, he was found in possession of cigarettes and a lighter, which are prohibited items inside the facility.

        On November 9, 2019, the offender was approved to leave the facility on a pass from 9 a.m. to noon. However, he did not return until 2:20 p.m.

        In an effort to bring him into compliance, the probation officer has twice held joint meetings with Mr. Nellum and VOA staff. He was informed of the expectations that he follow the rules of the facility, including consequences should he not. Neither of these attempted interventions have been successful at bringing him into compliance. On November 12, 2019, the probation officer met with a management representative at the VOA, who recommended Mr. Nellum be removed from the facility. Given his continued behavioral problems, she indicated he is not a suitable resident. Additionally, due to his various medical concerns, the staff are ill-equipped to handle his various medical problems.

> On November 12, 2019, Mr. Nellum was confronted by the probation officer. He admitted to violating the facility rules stating he "has been messing up," which he attributes to him not agreeing with policies of the facility.

    2    **"You must refrain from any unlawful use of a controlled substance."**

> On November 1, 2019, a urine sample was collected from the offender at the VOA. It was submitted to Redwood Toxicology Laboratory for testing, and was returned positive for cocaine. On November 12, 2019, he was confronted by the probation officer. He denies he smoked cocaine, but claims after a sexual encounter, a female he was with provided him a "shotgun" by blowing smoke into his mouth after she smoked the drug. He admitted he was "out of place" on a pass from the VOA as he had been given permission to leave the facility to handle business, and was not authorized to go to his brother's home.

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade B violation.

    (b) Defendant's criminal history category is III.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 8 to 14 months' imprisonment.

5. The government argued for a sentence of twelve (12) and one (1) day with five (5) years supervised release to follow. The defendant argued for release to a family member's home or alternatively for a sentence of six (6) months which is less than the recommended guideline range.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of eight (8) months with five (5) years of supervised release to follow. In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

These conditions are recommend to assist the probation officer in supervising Mr. Nellum in the community and to promote public safety. Given the offender's history of violence, including a contact sex offense, the aforementioned conditions are prudent.

14. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

15. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

16. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

17. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

Given the offender's history of substance abuse, including his alleged use of an illicit substance while under supervision, these conditions are recommended.

Defendant reviewed the foregoing conditions and they were reviewed by defendant with his attorney. Defendant, on the record, waived reading of the above-noted conditions of supervised release.

The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Date: 12/18/2019

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system